THE STATE OF OHIO, APPELLEE, *v.* ARTHUR, APPELLANT.

[Cite as State v. Arthur (1975), 42 Ohio St. 2d 67.]

(No. 74-439—Decided April 9, 1975.)

*Mr. Thomas A. Luebbers*, city solicitor, *Mr. Paul J. Gorman* and *Mr. John F. Peyton, Jr.*, for appellee.

*Mr. Robert S. Wynn*, for appellant.

*Per Curiam.* Appellant basically contends that guilty knowledge, an essential element of the crime charged, may not properly, consistent with due process, be inferred from proof of the element of possession.

*Barnes* v. *United States* (1973), 412 U. S. 837, involved similar facts and presented the same issues as raised herein. There, the petitioner was convicted in federal court for possessing four United States Treasury checks, *knowing them to be stolen.* On the element of guilty knowledge, the trial court instructed the jury as follows:

"Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen."

In upholding that instruction and the resulting conviction, the court, at page 845, said:

"The evidence established that petitioner possessed recently stolen Treasury checks payable to persons he did not know, and it provided no plausible explanation for such possession consistent with innocence. On the basis of this evidence alone common sense and experience tell us that petitioner must have known or been aware of the high probability that the checks were stolen. Cf. *Turner* v. *United States* [1970], 396 U. S. [398], at 417; *Leary* v. *United*

*States* [1969], 395 U. S. [6], at 46. Such evidence was clearly sufficient to enable the jury to find beyond a reasonable doubt that petitioner knew the checks were stolen.''

The court rejected petitioner's argument that any inference arising from possession *unsatisfactorily explained* would infringe his privilege against self-incrimination, held that the inference satisfies the requirements of due process, and noted, at page 843, that:

''In the present case we deal with a traditional common-law inference deeply rooted in our law. For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods. James Thayer, writing in his Preliminary Treatise on Evidence (1898), cited this inference as the descendant of a presumption 'running through a dozen centuries.' ''

This court follows *Barnes* v. *United States*, and in so doing, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.