DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Charles Bezak appeals his conviction for receiving stolen property in violation of R.C. 2913.51(A). We affirm.
 I.
On the morning of October 3, 1996, it was discovered that The Tractor Place had been broken into sometime the night before. The North Royalton Police Department was informed that, among other items, a Husqvarna model 394XP chain saw had been stolen. On October 7, 1996, the North Royalton police informed the Richfield Police Department of the theft and identified Bezak as a suspect.
On October 9, 1996, the Richfield police received a report that Bezak could be found cutting trees at Nick's Automotive. The Richfield police went to Nick's Automotive and found Bezak using a Husqvarna model 394XP chain saw. The Richfield police confiscated the saw and had the owner of The Tractor Place identify it by the serial number.
The serial number of the chain saw was located on an aluminum plate that was riveted to the exterior of the cover for the saw's motor. However, this plate had been removed. Thus, a mechanic was required to remove the cover and expose the manufacturer's serial number located inside the saw. The interior serial number matched the number of the saw that had been stolen from The Tractor Place. Based on this information, Bezak was convicted of receiving stolen property in violation of R.C. 2913.51(A).
 II.
Bezak's first assignment of error states:
 THE TRIAL COURT ERRED BY DENYING APPELLANT BEZAK'S MOTION FOR ACQUITTAL. (Tr. at 53-55).
Bezak's second assignment of error states:
 THE STATE FAILED TO PROVE EACH ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION. (Tr. passim).
The second assignment of error is a challenge to the sufficiency of the evidence supporting Bezak's conviction. Concerning the relationship between these two assignments of error, Bezak states: "Mr. Bezak's second Assignment of Error is legally different than his first Assignment of Error. While both Assignments of Error challenge the State's failure to present proof of Mr. Bezak's guilt beyond a reasonable doubt, the legal standards for the claims are different." Bezak cites no authority for this proposition and fails to explain the alleged difference between the legal standards.
Bezak's assertions aside, we can discern no difference between the standard of review for a challenge to the sufficiency of the evidence and that for a motion for acquittal under Crim.R. 29(A). Bezak quotes State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus, for the standard governing motions for acquittal: "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." This standard is nothing more than a re-phrasing of the sufficiency standard cited by Bezak: "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Additionally, State v. Thompkins (1997), 78 Ohio St.3d 380,386, equates sufficiency with Crim.R. 29(A):
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction).
 Crim.R. 29(A) is specifically worded in terms of sufficiency: "The court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction * * *." (Emphasis added.) Thus, we will treat Bezak's first and second assignments of error as a challenge to the sufficiency of the evidence.
Bezak's third assignment of error is a challenge to the weight of the evidence. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported (emphasis sic). Therefore, we will first determine whether Bezak's convictions were against the weight of the evidence.
The standard of review for a challenge to the weight of the evidence was recently set forth in Thompkins, supra:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
Regarding the standard of review for a challenge to the weight of the evidence, Bezak claims that the reviewing court is obliged to make its own assessment of witness credibility, "rather than deferring to credibility determinations implicitly made by the jury." As support for this proposition, Bezak notes the oft-quoted language that the reviewing court sits as a "thirteenth juror" and disagrees with the fact finder's conclusions.Thompkins, supra; Tibbs v. Florida (1982), 457 U.S. 31, 42,72 L.Ed.2d 652, 661.
We would agree that, in contrast to a sufficiency review, a court reviewing the weight of the evidence is not permitted to presume the prosecution's evidence is reliable. Instead, a reviewing court is required to independently weigh the evidence and consider the credibility of the witnesses. However, this does not mean that the jury's assessment of credibility is rendered moot.
Despite our role as a "thirteenth juror," it is primarily the jury's duty to assess the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,231. The jury is able to watch the witnesses as they testify and evaluate body language, voice inflection, and facial expressions. These are valuable tools for assessing credibility, tools which are not available to an appellate court working from the record alone. Thus, a jury's assessment of credibility is entitled to considerable deference. See Thompkins, supra
at 390 (Cook, J., concurring).
The deference that is due a jury's assessment of credibility is reflected in the limitation placed on an appellate court in reviewing the jury's resolution of conflicting testimony. An appellate court does not have free reign to engage in a de novo review of the jury's resolution of conflicting testimony. Instead, appellate courts are only permitted to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, supra at 387.State v. Smith (Sept. 17, 1997), Wayne App. No. 96CA0081, unreported. See also Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, when reviewing challenges to the weight of the evidence, we will continue to give the jury's assessment of credibility all due deference.
In this case, Bezak has been convicted of receiving stolen property in violation of R.C. 2913.51(A), which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Bezak concedes that he received or retained the chain saw. Thus, the only element at issue is whether Bezak did so knowing that, or with reasonable cause to believe that, the chain saw had been stolen.
As to the element of knowledge, the state refers to our decision in State v. Warren (May 26, 1993), Summit App. No. 16034, unreported, wherein we held:
 Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which a jury may reasonably infer and find, in the light of the surrounding circumstances shown by the case, that the person in possession knew that the property had been stolen. State v. Arthur (1975), 42 Ohio St.2d 67, 68, citing Barnes v. United States (1973), 412 U.S. 837, 37 L.Ed.2d 480.
In Warren, the defendant was found in possession of a recently stolen checkbook and credit cards bearing the victim's name. The defendant in Arthur was found in possession of several recently stolen corporate checks payable to someone he did not know. In Barnes the defendant was found in possession of several recently stolen Treasury checks that were payable to persons he did not know.
However, the facts of Warren, Arthur, and Barnes do not support the conclusion that mere possession, standing alone, would permit a jury to infer knowledge on the part of the defendant. Rather there must be some additional circumstance that reasonably indicates that the property was stolen. For instance, in Warren,Arthur, and Barnes, the stolen items clearly bore markings indicating that they were someone else's property — the stolen items literally had someone else's name written all over them. In this case, there is no evidence of this character — the stolen chain saw did not have "The Tractor Place" inscribed anywhere on it.
Nevertheless, the state did produce other evidence that could reasonably indicate that the chain saw had been stolen. Scott Starr, a mechanic for The Tractor Place, testified that there was an aluminum plate bearing the saw's serial number riveted to the exterior of the motor cover. Starr stated that someone had removed this plate from the saw and that the rivets were still visible on the exterior of the motor cover. The apparent removal of the serial number from a brand new saw could reasonably cause someone to believe that the saw was stolen.
Bezak challenges Starr's testimony by noting that Raymond Klubnik, the owner of The Tractor Place, repeatedly asserted that there were no visible serial numbers on those chain saws. In resolving this conflicting testimony, the jury was able to view the saw and observe the rivet marks identified by Starr. In light of the visible rivet marks, the jury apparently chose to believe Starr over Klubnik. We see no reason to doubt that decision.
Bezak also attempted to provide an innocent explanation for his possession of the stolen chain saw. Bezak offered the testimony of Lisa Hillegas, the owner of the tree removal company that employed Bezak. Hillegas testified that one of her business competitors, Wayne Lyzen, dropped off the saw at her house with instructions to give the chain saw to Hillegas' brother, who was working for Lyzen at the time. In the meantime, Hillegas permitted Bezak to use the saw.
The state thoroughly discredited Hillegas' story. Hillegas repeatedly asserted that Lyzen brought her the chain saw on either the twelfth or eleventh of October 1996, several days after Bezak had been arrested and the saw was recovered. On cross-examination, Hillegas admitted that she had previously been convicted of a theft offense and of receiving stolen property. The prosecution also called Lyzen as a rebuttal witness. Lyzen denied bringing Hillegas the saw, and supplied the police with work orders and schedules showing that he could not have delivered the saw to Hillegas at the times in question.
After thoroughly reviewing the evidence and giving all due deference to the jury's assessments of credibility, we cannot conclude that Bezak's conviction was against the weight of the evidence. It was not unreasonable for the jury to conclude that Bezak was unable to offer a credible explanation for his possession of a recently stolen chain saw with a serial number that had been visibly removed. Based on this evidence it was not a manifest miscarriage of justice for a jury to conclude that Bezak had reasonable cause to believe the chain saw was stolen.
Having so disposed of Bezak's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.
A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN
FOR THE COURT
DICKINSON, J.
REECE, J.
CONCUR