OPINION
Defendant-appellant, Robert Matthews, appeals his conviction in the Youngstown Municipal Court on a single count of receiving stolen property, in violation of R.C. 2913.51.
On October 10, 1996, a complaint was filed against appellant in the Youngstown Municipal Court charging him with receiving stolen property, in violation of R.C. 2913.51 (A). Specifically, the complaint alleged that appellant had been in possession of a 20-inch GE portable TV belonging to John Gergel, which property had been stolen from Gergel's home. Trial of the matter was set for November 24, 1997, at which time appellant appeared with counsel for a bench trial before Judge Andrew Polovischak.
According to the testimony adduced at trial, John Gergel and Eugene O'Brien lived together on Vestal Road in Youngstown. At approximately 3:30 p.m. on October 8, 1996, Gergel and O'Brien went shopping. Upon their return home at around 5:30 p.m., they discovered their house had been broken into. The Youngstown Police Department were called to the residence, and upon inspection, it was discovered that a 20-inch color TV, a 13-inch color TV, a microwave oven, and a necklace had been taken. Gergel still had the box that the 20-inch TV had arrived in, and from it police officers were able to obtain the serial number of the missing item.
Sometime prior to the Youngstown Police Department being summoned to the residence, Deputies Memmer and Wallace of the Mahoning County Sheriff's Department were on routine patrol nearby when an individual described as a "concerned citizen" drove up and reported seeing an individual running across a yard with a TV, and that the individual was operating a blue Chevrolet Celebrity. The "concerned citizen" then abruptly drove off. The deputies searched the nearby streets for the blue Celebrity, and after approximately 20 minutes located the vehicle with appellant at the wheel. The deputies stopped the vehicle, purportedly for driving left of center, and quizzed appellant. Appellant was cooperative and told the deputies he had a TV in the trunk. With appellant's consent, the deputies searched the vehicle and took down the serial number of the TV. After checking appellant's social security number and license plate, there being no reason to detain him, appellant was released.
Shortly thereafter, the deputies heard about the Gergel burglary over the radio. The deputies drove to the residence, informed the responding officers from the Youngstown Police Department about their encounter with appellant, and checked the serial numbers. The serial number on the box at the residence matched that of the TV seen by the deputies in appellant's car.
Testifying in his own defense, appellant claimed that the TV belonged to a friend of his who was a passenger in the car at the time of the stop, known to him only as Ronald. According to appellant, he and Ronald had known each other for two months, and Ronald had asked appellant to assist him in moving his possessions following a dispute with his girlfriend. Appellant testified that while Ronald had loaded his possessions, including the TV, into the car, appellant had remained in the car playing with the radio. In addition, appellant stated that he had not been arrested on the charge for almost a year following the stop.
At the conclusion of the trial, appellant was found guilty as charged and sentenced to 180 days in jail and fined $100 plus costs. Appellant filed his notice of appeal on December 1, 1997, along with a motion to stay execution of sentence. By journal entry dated December 9, 1997, this court granted appellant's motion for stay and continued bond pending this appeal.
Appellant's first assignment of error states:
 "The Trial Court erred in that the Trial Court's decision was against the manifest weight of the evidence presented during the Bench Trial, the evidence was insufficient to support the decision, and Appellant was denied his due process of law and right to a fair trial."
Appellant argues both that his conviction was against the manifest weight of the evidence and that there was insufficient evidence to support it. Specifically, appellant argues that the fact that appellant volunteered to Deputies Memmer and Wallace that the TV was in the trunk demonstrates that appellant had no knowledge that it was stolen property. Appellant concedes that if not satisfactorily explained, possession of stolen property ordinarily permits an inference that the person in possession knows the property in question was stolen (citing Barnes v.United States [1973], 412 U.S. 837). However, in the instant case, appellant argues that he did offer a reasonable explanation for the TV being in his trunk, namely that he was moving it for his acquaintance Ronald. According to appellant, possession alone does not constitute receiving stolen property.
Appellant also cites to State v. Davis (1988), 49 Ohio App.3d 109, for the factors to be considered in determining whether a defendant knew or should have known the property was stolen, and argues that under this test he should not have been convicted. Appellant notes that he was not paying attention when Ronald came out of the house with the TV, that Ronald told appellant the TV was his, and that there was sufficient time for Ronald to have obtained the TV from another source before calling appellant to help him move. Appellant also argues that if Ronald was stealing the item then the remaining items stolen from the residence would also have been placed in appellant's car. Appellant even appears to argue that the lengthy delay between the stop and his eventual arrest demonstrates that his conviction was against the weight of the evidence.
In response, plaintiff-appellee, State of Ohio, notes that although appellant offered an explanation for his possession of the TV, the explanation was not a reasonable one so as to preclude an inference of guilty knowledge on the part of appellant. Appellee also notes that the trial court expressly stated that the guilty finding was based upon the credibility of the witnesses, and that the weight to be given the evidence and the credibility of witnesses are primarily for the trier of fact (citing State v. DeHass [1967], 10 Ohio St.2d 230). Appellee claims that the evidence taken as a whole weighs heavily in favor of conviction, and that the verdict is supported by ample, competent and credible evidence.
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, supra, at 113.
Alternatively, in determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Thompkins, supra, at 387. "Weight of the evidence concerns `the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.). In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Id., at 390, (Cook, J., concurring). "A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict." Id., at 388. (Emphasis sic.)
Appellant was convicted for violating R.C. 2913.51 (A), which provides:
 "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
Appellant argues that he did not know, nor should he have known, that the TV was stolen. The factors to be considered in determining whether reasonable minds could conclude whether a defendant knew or should have known property has been stolen include: (a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise.Davis, supra, at 112.
With regard to the first of these factors, appellant argues that although the fact finder may infer guilty knowledge when possession is unexplained, in the instant case, appellant did offer an explanation for his possession. As support for this proposition, appellant cites to Barnes, supra, wherein the defendant challenged a jury instruction which stated in part:
 "[P]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen." Barnes, supra, at 839-840
However, in upholding the charge to the jury, the United States Supreme Court stated:
 "Of course, the mere fact that there is some evidence tending to explain a defendant's possession consistent with innocence does not bar instructing the jury on the inference. The jury must weigh the explanation to determine whether it is "satisfactory'." Id., at 845, n. 9
See, also, State v. Arthur (1975), 42 Ohio St.2d 67 (adopting the decision in Barnes, supra)
Applying the facts of the instant case, there appears to be sufficient evidence from which the trier of fact could have found that appellant knew or should have known the TV in his trunk was stolen. It is common knowledge that TVs and other electronic devices are often the fruit of household burglaries. Appellant testified that he earned a living by doing odd jobs, but stated that there were no jobs available for him. In addition, the stolen TV was discovered in appellant's car shortly before the robbery was reported, at a location just a few streets away from the scene of the crime. Although appellant claimed he was moving the TV for his acquaintance Ronald, Deputy Wallace testified that appellant told her the TV was his and he was moving it. Construing this evidence in a light most favorable to appellee, a rationale trier of fact could certainly have found that appellant knew or should have known that the TV was stolen.
With regard to appellant's claim that the conviction was against the manifest weight of the evidence, we note that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. DeHass,supra, paragraph one of the syllabus. The trial court obviously attached little credibility to appellant's claim that he was moving the TV for Ronald, and expressly stated that the finding of guilt was based upon the credibility of witnesses. Nothing in the record merits disturbing this finding. As already noted, the trial court was entitled to infer guilty knowledge based on appellant's failure to satisfactorily explain his possession of stolen property. We cannot say that in so doing the trial court lost its way and created any miscarriage of justice.
Appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "The Trial Court erred in that its decision was unreasonable, arbitrary and unconscionable and, therefore, indicative of the Trial Court's abuse of discretion."
Aside from reasserting the arguments made in appellant's first assignment of error, appellant also claims that the trial court's decision was arbitrary, unreasonable and unconscionable so as to amount to an abuse of discretion. In particular, appellant argues that toward the end of the trial, the trial court became angry at appellant and, within a few minutes, went from postponing sentencing, based on appellant's agreeing to cooperate with police regarding the whereabouts of stolen goods, to sentencing appellant immediately for the offense. In response, appellee notes that appellant received a sentence that comported with the applicable statute, R.C. 2929.21, and that the trial court is granted broad discretion in the matter of sentencing, which discretion was not abused in the instant case.
As we have already noted in deciding appellant's first assignment of error, appellant's conviction was based on sufficient evidence and was not against the manifest weight of the evidence. As to whether the trial court's decision was an abuse of discretion, we note that appellant has not challenged the sentence itself as being in violation of the applicable statutory scheme, i.e. R.C. 2929.21 and 2929.22, but instead appears to predicate error on the trial court's apparent change in position during the trial. The transcript of proceedings reveals that at one point the trial court was considering postponing sentencing or suspending a portion of it depending on appellant's cooperation with police in the recovery of stolen property. However, based on appellant's responses to the trial court's questions, the latter apparently changed its mind and proceeded to sentencing immediately. Suffice it to note, we fail to see how the trial court's change in position amounted to an abuse of its discretion.
Appellant's second assignment of error is without merit.
The decision of the trial court is hereby affirmed.
 Cox, J., concurs Vukovich, J., concurs
APPROVED:
 _________________________ Gene Donofrio Judge