DECISION
Todd L. Brown, defendant-appellant, appeals his conviction entered upon a jury verdict in the Franklin County Court of Common Pleas for receiving stolen property, a violation of R.C. 2913.51.
On January 20, 2000, appellant was stopped by the Columbus Police Department because the vehicle he was driving had been reported stolen two weeks prior. The officers stated appellant would not comply with their requests to exit the vehicle, requiring officers to pull appellant from the vehicle. The officers further stated that appellant began resisting arrest and attempted to take one of the officer's weapons. A police dog had to be used to subdue appellant after appellant reached for the weapon. The police dog subdued appellant, allowing officers to handcuff him.
Appellant was indicted by a grand jury for receiving stolen property, a violation of R.C. 2913.51, and aggravated robbery, a violation of R.C.2911.01. The receiving stolen property charge was based upon appellant's possession of the stolen vehicle. The aggravated robbery charge was based upon appellant's attempt to take the officer's weapon. A jury trial was held, and on October 27, 2000, the jury found appellant guilty of receiving stolen property and not guilty of aggravated robbery. The trial court imposed a sentence of fifteen months in prison for the receiving stolen property conviction. Appellant appeals his conviction and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION.
 II. THE JURY VERDICT WAS NOT SUSTAINED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues in his first assignment of error that the trial court erred when it overruled his Crim.R. 29 motion for acquittal. At the conclusion of the state's presentation of evidence, appellant's counsel argued the prosecution "presented no evidence whatsoever, except the fact that [the vehicle] was stolen." The trial court overruled appellant's motion.
Crim.R. 29(A) states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based on the sufficiency of the evidence will be upheld if after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational factfinder could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis (1997), 79 Ohio St.3d 421, 430, certiorari denied (1998), 522 U.S. 1128,118 S.Ct. 1078.
R.C. 2913.51(A) states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Therefore, in order to prove that appellant was guilty of a violation of R.C. 2913.51(A), the state had to prove: (1) appellant received, retained, or disposed of stolen property; and (2) appellant knew or had reasonable cause to believe that the property was stolen.
In the present case, Mohmoud Abdelquader testified he owned a 1989 Gray Toyota Camery with license plate number AZM 1251. Mohmoud stated that on January 7, 2000, he loaned the car to his brother Htem Abdelquader. Htem testified he went outside that day to start the car and let it warm up. After he started the car and left it running, Htem went back inside his residence. Htem stated when he went back outside five to ten minutes later, the car was gone.
Officer Anthony Small of the Columbus Police Department testified that on January 20, 2000, he stopped appellant because the license plate number of the car he was driving matched the license plate number of a vehicle that was reported stolen. Mohmoud and Htem each testified that they did not give appellant permission to drive the car and that, prior to the trial, they had never met appellant. Based upon this evidence, we find sufficient evidence was presented to establish appellant received and retained stolen property.
Regarding whether appellant knew or had reasonable cause to believe that the vehicle was stolen, "[a]bsent an admission by a defendant, whether there was reasonable cause for a defendant to know if an item was stolen can only be shown by circumstantial evidence." State v. Ortiz (Oct. 25, 2000), Medina App. No. CA 3040-M, unreported, following State v. Hankerson (1982), 70 Ohio St.2d 87, 92. The reason why circumstantial evidence may be used to prove a defendant's knowledge is because "it is very difficult to prove what the state of a man's mind at a particular time is." United States Postal Serv. Bd. of Governors v. Aikens (1983),460 U.S. 711, 716-717, 103 S.Ct. 1478, 1482.
"It is well settled that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." State v. Jenkins (Sept. 6, 2000), Pickaway App. No. 98CA31, unreported, following State v. Arthur (1975), 42 Ohio St.2d 67, 69. In the present case, appellant had a stolen vehicle in his possession and could not give a reasonable explanation why the vehicle was in his possession. Therefore, viewing this evidence in a light most favorable to the state, an inference could be made that appellant had full knowledge the vehicle in his possession was stolen, sufficient for the matter to be submitted to the jury.
Additionally, "Ohio courts have recognized that flight is evidence of consciousness of guilt and of guilt itself. * * * [E]rratic driving and flight from police officers is circumstantial evidence that the driver was aware that the vehicle he was in was stolen." State v. McNeir (Nov. 30, 2000), Lucas App. No. L-99-1406, unreported (citations omitted), discretionary appeal not allowed (2001), 91 Ohio St.3d 1489, following State v. Williams (1997), 79 Ohio St.3d 1, 11; State v. Taylor (1997),78 Ohio St.3d 15, 27; In re Houston (Nov. 25, 1998), Cuyahoga App. No. 73950, unreported; and State v. Maddox (June 4, 1998), Cuyahoga App. No. 72765, unreported.
In the present case, Officer Small testified that after he activated the beacons and siren on his police wagon, appellant did not stop the vehicle he was driving. Officer Small stated that appellant did not stop the vehicle until he was forced to stop by another police vehicle pulling in front of him approximately one mile later. Richard Sponaugle, a witness, testified that he saw the officers pull appellant from his vehicle that night and "once they initially got him out, he was kind of thrashing himself back and forth attempting to keep the officers from * * * getting close to him and trying to place him under arrest." Additional officers arrived at the scene and a police dog was used in an attempt to subdue appellant. Officer Brian Boesch testified that even after the police dog was deployed, appellant "was avoiding officers. He would get up and look for a hole, by that time we had formed a ring around him."
Therefore, we find that the combination of: (1) appellant's unexplained possession of a stolen vehicle; (2) appellant's failure to stop the vehicle until he was forced to stop by the police; and (3) appellant resisting arrest and attempting to escape police detainment, is sufficient evidence to demonstrate appellant knew the car he was driving was a stolen vehicle. Accordingly, after reviewing the evidence presented prior to appellant's Crim.R. 29(A) motion in a light most favorable to the state, we find that sufficient evidence was presented to show appellant was guilty of receiving stolen property. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that: (1) insufficient evidence was presented to support his conviction; and (2) his conviction was against the manifest weight of the evidence. We will address both arguments in the order presented.
"The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. "Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Smith (1997), 80 Ohio St.3d 89, 113, certiorari denied (1998),523 U.S. 1125, 118 S.Ct. 1811. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after reviewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied (1998), 525 U.S. 1077, 119 S.Ct. 816.
The standard of review for sufficiency of the evidence is the same standard used to review a trial court's decision regarding a motion for acquittal pursuant to Crim.R. 29(A). State v. McCoy (June 22, 2000), Franklin App. No. 99AP-969, unreported. Since we already held the trial court did not err in its decision overruling appellant's Crim.R. 29(A) motion for acquittal in appellant's first assignment of error, we similarly hold that sufficient evidence was presented to support appellant's conviction of receiving stolen property.
Appellant also argues his conviction is against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Gray (Mar. 28, 2000), Franklin App. No. 99AP-666, unreported, following Clemons, at 444. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. Thompkins, at 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193, certiorari denied (1999),527 U.S. 1042, 119 S.Ct. 2407.
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Thompkins, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
"The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 716. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997),118 Ohio App.3d 371, 377.
Two individuals testified on behalf of appellant: Robin Smith and Kevin Brown. Smith, appellant's fiancée, testified that appellant used the stolen vehicle to help her move her clothes from his apartment the day before he was arrested. She testified that appellant had the keys to the car, the car was "perfectly drivable," and was not damaged. Brown, appellant's brother, testified that Smith and appellant brought furniture and belongings to his house for storage on January 19, 2000. Additional evidence was presented by Officer Small, who stated that after he activated the lights on the police wagon, appellant did not stop, but also "was not flying or speeding from us. Maybe top speed was 20 miles an hour."
Following a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find no basis to believe the jury clearly lost its way, that a manifest miscarriage of justice occurred, or that appellant's conviction was against the manifest weight of the evidence. Smith, at 114. It is uncontroverted that the vehicle was a stolen vehicle. Both Smith and Brown's testimony provides no evidence concerning whether appellant knew the vehicle was stolen. It is true that Officer Small's testimony that appellant was driving only twenty miles an hour seems to indicate appellant was not attempting to escape from the police. However, the fact that there was snow on the ground, the area was not well lit, and appellant did not stop until he was forced to stop, would indicate he was trying to elude police. This evidence, weighed against the evidence presented by the state tending to prove appellant's guilt, is insufficient to show appellant's convictions were against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _____________________ BROWN, J.
LAZARUS and KENNEDY, JJ., concur.