OPINION
Defendant-appellant, Michael L. Cunningham, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51. Because the trial court committed no plain error in the wording of the jury instructions, and because the trial court did not err in instructing the jury pursuant to State v. Arthur (1975),42 Ohio St.2d 67, on the facts of this case, we affirm defendant's conviction for possession of a stolen motor vehicle. Because, however, the trial court failed to make the requisite findings in imposing the maximum sentence, we vacate the sentence imposed and remand for resentencing.
By indictment filed August 15, 2001, defendant was charged with two counts of receiving stolen property, one a felony of the fourth degree involving a motor vehicle, and one a felony of the fifth degree involving a motor vehicle identification plate. The matter was tried to a jury on November 15 and 16, 2001; the jury found defendant not guilty of the latter charge, but found defendant guilty of the count involving the motor vehicle. By judgment entry filed November 20, 2001, the trial court sentenced defendant to a maximum sentence of 18 months. Defendant appeals, assigning the following errors:
"I. THE LOWER COURT ERRED BY GIVING A JURY INSTRUCTION, WHICH AS GIVEN INFRINGED UPON THE APPELLANT'S FIFTH AMENDMENT RIGHT NOT TO TESTIFY AND HIS RIGHT NOT TO HAVE THE FACT THAT HE DID NOT TESTIFY USED AGAINST HIM.
"II. THE LOWER COURT ERRED BY GIVING THE "ARTHUR INSTRUCTION" WHEN MORE THAN TWO DAYS HAD PASSED SINCE THE THEFT WHICH IS PER S.E. NOT WITHIN THE MEANING OF THE TERMS `RECENTLY' STOLEN.
"III. THE LOWER COURT ERRED BY SENTENCING THE DEFENDANT TO A MAXIMUM SENTENCE."
Defendant's first assignment of error asserts the trial court erred in the wording of the instruction the trial court gave the jury pursuant to Arthur, supra.
To prove defendant was guilty of receiving stolen property, the state was required to show that defendant received, retained, or disposed of property of another knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense. R.C.2913.51(A). In this case, as in Arthur, the state attempted to prove "knowing or having reasonable cause to believe" by defendant's possession of the stolen automobile shortly after its theft.
In Arthur, the defendant contended that "guilty knowledge * * * may not properly, consistent with due process, be inferred from proof of the element of possession." Id. at 68. The Ohio Supreme Court rejected the argument, basing its determination on the United States Supreme Court's decision in Barnes v. United States (1973), 412 U.S. 837, 93 S.Ct. 2357. In Barnes, the court affirmed a district court jury instruction that "[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen." Id. at 840. As Barnes explained, "in the present case we deal with a traditional common-law inference deeply rooted in our law. For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." Id. at 843.
Similarly, Barnes rejected the contention that any inference rising from possession unsatisfactorily explained would infringe on the defendant's privilege against self-incrimination, noting the trial court specifically instructed the jury that Barnes had a constitutional right not to take the witness stand. "The mere massing of evidence against a defendant cannot be regarded as a violation of his privilege against self-incrimination." Id. at 847.
Here, the trial court instructed the jury pursuant to Arthur, stating:
"Possession of property recently stolen if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find in light of surrounding circumstances shown by the evidence in the case that the person in possession of the property knew or had reasonable cause to believe the property had been stolen.
"The term recently is a relative term and has no fixed meaning.
"Whether property may be considered as recently stolen depends upon the nature of the property and all the facts and circumstances shown by the evidence in the case. The longer a period of time since the theft, the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.
"If you find beyond a reasonable doubt from the evidence in this case that the motor vehicle was stolen and that while recently stolen, the property was in the possession of the defendant, you may or may not, depending upon the facts, draw the inference that the property was possessed by the defendant with the knowledge or having reasonable cause to believe that the property was stolen.
"As with all over [sic] evidence this must be proved to you, the inference to be drawn must be proved beyond a reasonable doubt." (Tr. 121-122.)
On appeal, defendant contends that even if the Supreme Court in Arthur adopted the instruction given in Barnes, the instruction here lacks some of the necessary elements to make it a proper instruction. Specifically, defendant notes that, in Barnes, the jury was instructed:
"In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.
"Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused." (Emphasis added.) Id. at 840. Because the trial court's instruction here lacked a statement that possession could be satisfactorily explained by evidence independent of the defendant's testimony, defendant contends the instruction is improper.
Following the trial court's instruction to the jury, defense counsel stated to the court:
"[Defense Counsel]: I know I've already done this. I'm required to preserve my objection. I object to the Arthur charge.
"The Court: I assume you didn't have any problems the way I worded it, but you have problems with it being given.
"[Defense Counsel]: Giving the instructions under the facts of this case.
"The Court: Anything else?
"[Defense Counsel]: No.
[Prosecutor]: No." (Tr. 129.)
As reflected in counsel's comments, defendant's objection was not directed to the wording of the instruction, but to the instruction being given under the facts of this case.
Absent objection, defendant's assignment of error is examined under a plain error standard. State v. Hill (2001), 92 Ohio St.3d 191 (applying plain error analysis in reviewing alleged constitutional error in the absence of objection in the trial court). Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In State v. Barnes (2002), 94 Ohio St.3d 21, 27, the Ohio Supreme Court recently noted that "[b]y its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings. * * * Third, the error must have affected `substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." (Citations omitted.) "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court `may' notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error `with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " Id., quoting State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
We agree with defendant that the emphasized portion of the Barnes instruction appropriately is given in an Arthur charge. Even though the trial court's jury instruction here did not specify that defendant personally had to satisfactorily explain his possession of the motor vehicle at issue, the additional instruction provided in Barnes, but absent here, would eliminate potential confusion concerning the nature and source of the explanation.
Nonetheless, several factors convince us plain error is absent here. Initially, the trial court instructed the jury concerning defendant's right not to testify, informed the jury that many reasons may drive that decision, and admonished the jury it was not to speculate about those reasons. The court further instructed that the jury could not use defendant's failure to testify for any purpose whatsoever.
Moreover, defendant's explanation for his possession of the vehicle was before the jury through the testimony of the police officers involved in the case. More particularly, Bryan Page testified he went to work at approximately 9:00 o'clock in the morning, and at 1:00 o'clock saw that his car was still there; when he went to leave work at 6:00 p.m., the car was gone. He called the police and filed a report. At that time, he noted the car was damaged in the trunk area. Page explained to the jury that, although he had taken car keys and put them in his pocket, he had spare keys in the backpack on the back seat of his car. He believed he had left the window down, allowing access to the backpack and the extra keys.
The police officer involved in the matter testified that, two days later, the police officer who had taken the report from Page saw a car matching the description of the stolen vehicle. He and his partner pursued the car and pulled up next to it in an effort to block the driver from exiting. Unsuccessful in that attempt, they saw defendant exit the car and begin to run. They chased him and apprehended him when he tripped and fell in an alley. Defendant stated to them he had rented the car from a "geeker" for $20. The officer explained a "geeker is a known drug user, heroin, crack." (Tr. 43.) As a result of the foregoing, the jury had for its consideration defendant's explanation for his possession of the car. Defendant argued that explanation in closing argument, as did the prosecution.
Lastly, as further support that plain error is absent, defendant was charged with two counts of receiving stolen property. Despite the instruction here lacking some of the language of the charge given in Barnes, the jury was able to sort through the evidence and find defendant not guilty of one of the two counts of the indictment.
In sum, with the nature of the charge the trial court gave, including a specific instruction regarding defendant's privilege not to testify, the testimony presenting defendant's explanation of his possession of the motor vehicle, and the jury's ability to sort through the evidence and reach different conclusions on the two charges based on the evidence before it, no plain error exists on this record. Defendant's first assignment of error is overruled.
Defendant's second assignment of error contends the trial court erred in giving the instruction under the facts presented. Specifically, defendant notes Page's vehicle was stolen on July 9; defendant was apprehended on July 11. Defendant contends the lapse of two days renders the Arthur instruction inapplicable, as the evidence does not show defendant was in possession of "recently" stolen property. The state, by contrast, contends that a vehicle stolen two days prior is recently stolen for purposes of the Arthur charge.
In Barnes, the case on which Arthur heavily relies, the checks at issue were stolen on July 1 and July 3, 1971; defendant in Barnes deposited the four checks into an account on July 8, 1971. The lapse of time in Barnes exceeded the two days present here. Similarly, in State v. Caldwell (Nov. 16, 2000), Franklin App. No. 99AP-1107, the evidence established defendant was in possession of equipment within two days of the time it was reported missing. There, the court cited Arthur for the proposition that a jury may arrive at a finding of guilt by inference when the accused's possession of recently stolen property is not satisfactorily explained in light of surrounding circumstances developed from the evidence.
Moreover, the jury was instructed that "recently" is a relative term with no fixed meaning; that the nature of the property, as well as the surrounding circumstances of the case, determines whether the property was recently stolen; that the strength of any inference to be drawn diminishes with the passage of time.
In the final analysis, the case law indicates the two-day lapse between Page's reporting the vehicle missing and defendant's being in possession of it does not render the Arthur instruction per se inappropriate. Rather, as the trial court explained, the term "recently" is subject to interpretation. Because the trial court gave the jury guidelines for that purpose, the trial court did not err in giving the jury an Arthur instruction based on the facts of this case. Defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts the trial court erred in sentencing defendant to the maximum sentence without the requisite findings. R.C. 2929.14(C) provides:
"[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." Moreover, R.C. 2929.19(B)(2)(d) requires that if the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, the court must give its reasons for imposing the maximum prison term. Accordingly, the trial court was required not only to state its findings under R.C. 2929.14(C), but also to give its reasons for those findings.
Here, in sentencing defendant, the trial court stated:
"Mr. Cunningham, I'll give you the maximum sentence of eighteen months in the state penitentiary.
"You have an extensive record in three states, Pennsylvania, New Jersey and Ohio, especially multiple theft convictions in Ohio.
"Also you're on parole for two months and you have been released from prison, from what I understand, just very recently.
"The Defendant: I'm not on parole.
"The Court: You had been released very shortly.
"[Defense Counsel]: No, Judge. That was someone else that we spoke of. That was the guy whose driver's license I was asking to turn up. Wasn't it?
"The Court: No. I show that he was sentenced to the institution in September on possession of drugs, September of 2000. So he wasn't out very long before this." (Tr. 135-136.) As the foregoing reflects, the trial court failed to address the required findings under R.C. 2929.14(C). Similarly, the trial court's judgment entry fails to address the required findings. While the trial court arguably set forth reasons which would support those findings, the necessary findings are absent. Accordingly, we sustain defendant's third assignment of error.
Having overruled defendant's first and second assignments of error, but having sustained his third assignment of error, we affirm the conviction of the trial court, but remand for resentencing only.
Judgment affirmed in part and reversed in part; case remanded for resentencing.
TYACK, P.J., and KLATT, J., concur.