{¶ 14} Proof of constructive receipt of stolen property may be established by circumstantial evidence. See State v. Hankerson (1982),70 Ohio St.2d 87, 90-91. In State v. Davis (1988), 49 Ohio App.3d 109,112, the Supreme Court listed a number of factors which would permit an inference that an accused received stolen property:
 {¶ 15} "(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise. * * *"
 {¶ 16} Looking at the circumstantial evidence in a light most favorable to the state shows that Prater and the victim were involved in a romantic relationship that ended badly for Prater. The victim testified that Prater knew the layout of his house and also knew how important his collection of compact discs and electronics were to him. Given this background, the victim immediately suspected Prater as being the perpetrator. Just hours after the burglary, an officer saw a red car backed into Prater's driveway. The color of the car corresponded to a description of a vehicle seen in the victim's driveway the previous evening. The car contained items taken from the victim's house. Footprints in the freshly-fallen snow led from the red car to the side door of Prater's house.
 {¶ 17} During questioning at her house, Prater said that just she and her children were present and there were no other adults in the house. Prater did not give the police any satisfactory answer to their questions of how a carload of her former boyfriend's stolen property was found in her driveway. "In a prosecution for receiving stolen property, the jury may arrive at a finding of guilt by inference when the accused's possession of recently stolen property is not satisfactorily explained in light of surrounding circumstances developed from the evidence." Statev. Caldwell (Nov. 16, 2000), Franklin App. No. 99AP-1107, unreported, citing State v. Arthur (1975), 42 Ohio St.2d 67.
 {¶ 18} An accused may constructively possess stolen property when that property is under the accused's control. Hankerson, supra. That evidence consisted of proof that whoever had driven the car entered Prater's house. The majority incorrectly claims there is no evidence of this fact, and omits saying that there was only one set of fresh footprints going to the house, and no fresh footprints exiting the house. When asked if there were any footprints other than those leading into the house, an officer replied, "just old footprints, covered over footprints." Because the footprints leading from the car were fresh, the jury could reasonably have found that whoever had been driving the car with the stolen property went into Prater's house and stayed there.
 {¶ 19} The unexplained presence of stolen items contained in a car parked in her driveway, footprints leading from the car into her house, her past relationship with the victim, all were circumstantial evidence of Prater's involvement in the crime. More to the point, a rational trier of fact could look at this circumstantial evidence and conclude that all of the elements of the offense of receiving stolen property had been proven. For these reasons, I would affirm the judgment of conviction. I respectfully dissent.