OPINION
{¶ 1} Defendant-appellant Jose Allen [hereinafter appellant] appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of receiving stolen property, in violation of R.C.2913.51(A)(F5). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 28, 2001, the Stark County Grand Jury indicted appellant on one count of receiving stolen property, in violation of R.C.2913.51(A), a felony of the fifth degree. The matter proceeded to a jury trial which commenced on February 4, 2002. The following evidence was adduced at trial. On October 18, 2001, at approximately 3:00 A.M., Deputy Rick Stauffer, of the Stark County Sheriff's Department, pulled over a vehicle with a hatchback. The hatchback of the vehicle was open with a snow blower and lawn edger sticking out. Deputy Stauffer observed what appeared to be engravings on the equipment. Upon approaching the vehicle, Deputy Stauffer observed that the equipment was engraved with the letters "S.M.H.A.". Deputy Stauffer believed that S.M.H.A. stood for Stark Metropolitan Housing Authority [hereinafter SMHA]. Appellant was a passenger in the vehicle. The snow blower and lawnedger were located about two or three feet away from where appellant was seated in the vehicle.
 {¶ 3} Deputy Stauffer removed appellant and the driver from the vehicle. After their removal from the vehicle, Deputy Stauffer was able to observe a pair of bolt cutters and a screw driver sticking out from under appellant's seat.
 {¶ 4} Later that morning, George Beris, a maintenance man for SMHA, reported for work and found that someone had broken into the storage shed where lawn equipment was kept. The snow blower and lawn edger were missing. Prior to the close of his shift on the day before, Beris had chained the equipment together inside the storage shed and secured the doors of the shed with a commercial padlock. The Canton Police Department was contacted and a report was filed. Beris testified that the value of the snow blower was $700.00 and the value of the lawn edger was $350.00.
 {¶ 5} Kurt Chewning, security supervisor at SMHA, went to the Sheriff's Department and identified the items found in the vehicle as those taken from SMHA. Chewning testified that the inventory value of the snow blower was $509.95 and the inventory value of the lawn edger was $199.99.
 {¶ 6} Mike Short, a criminologist with the Stark County Crime Laboratory specializing in tool mark examinations, examined the metal chain that was cut from the equipment and left at the SMHA storage shed. Short also examined the bolt cutters found under the automobile seat occupied by appellant. Short found that the bolt cutters could not be eliminated as the ones used to cut the chain around the equipment.
 {¶ 7} On February 5, 2002, the jury returned a finding of guilty as charged in the indictment. By Judgment Entry filed February 8, 2002, the trial court found appellant guilty and sentenced appellant to a stated prison term of 11 months.
 {¶ 8} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 9} "The appellant's conviction was against the manifest weight of the evidence."
 {¶ 10} In reviewing whether a conviction is against the manifest weight of the evidence, the standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 11} Appellant was convicted of receiving stolen property, in violation of R.C. 2913.51(A). Revised Code 2913.51(A) states, in relevant part, as follows: "No person shall receive, retain or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." A theft offense involves knowingly retaining control over the property of another without that person's consent. R.C. 2913.02(A)(1). Receiving stolen property is a felony of the fifth degree if the value of the property is $500.00 or more and is less than $5,000.00. R.C. 2913.51(C) "The value of . . . equipment . . . used in the . . . business . . . of its owner, . . . which retains substantial utility for its purpose regardless of its age or condition, is the costs of replacing the property with new property of like kind and quality." R.C. 2913.61(D)(2), in relevant part.
 {¶ 12} In appellant's sole assignment of error, appellant argues that the conviction was against the manifest weight of the evidence in regards to whether appellant had the requisite knowledge that the items were stolen and as to the value of the property. In order to convict appellant, the jury had to conclude: 1) that appellant knew or had reasonable cause to know that the property had been obtained through the commission of a theft offense and 2) that the replacement value of the equipment was $500.00 or more but less than $5,000.00.
 {¶ 13} When, as in the instant case, a disputed element of the offense charged is, by its nature, not susceptible of proof by direct evidence, circumstantial evidence may be used to provide an inference of guilt. State v. Alexander (June 17, 1987), Hamilton App. No. C-860530. In a prosecution for receiving stolen property, the jury may arrive at a finding of guilt by inference when the accused's possession of recently stolen property is not satisfactorily explained in light of surrounding circumstances developed from the evidence. State v. Arthur (1975),42 Ohio St.2d 67, 325 N.E.2d 888. In reviewing such an inference, numerous criteria have been set forth to determine whether reasonable minds could conclude beyond a reasonable doubt that the defendant knew, or had reasonable cause to believe that property was stolen. In State v.Davis (1988), 49 Ohio App.3d 109, 550 N.E.2d 966, the Supreme Court enumerated some of these conditions: (a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise.
 {¶ 14} In the case sub judice, Deputy Stauffer testified that on October 18, 2001, around 3:00 A.M., he observed a small automobile with no tail lights. The vehicle was a hatchback and the back was completely open. Deputy Stauffer saw equipment sticking out of the back. The equipment, a snow blower and lawn edger, was about two or three feet away from where appellant was sitting. An engraved mark, bearing the letters S.M.H.A., was visible on the lawn equipment. Bolt cutters and a screwdriver were found sticking out from under the seat where appellant was sitting. We find that the jury did not lose its way or create a manifest miscarriage of justice in finding that appellant knew or had reasonable cause to believe the property was stolen.
 {¶ 15} As to the value of the equipment, the State presented two witnesses at trial who testified to the value of the lawn equipment. George Beris, a maintenance man for SMHA who was familiar with the equipment, testified that the value of the snow blower was $700.00 and the value of the edger was $350.00, for a total value of $1,050.00. Kurt Chewning, a security supervisor for SMHA, testified that the equipment's inventory value was $509.95 for the snow blower and $199.99 for the edger, for a total value of $709.94. In reviewing the evidence and all reasonable inferences, we find that the jury did not lose its way or create a miscarriage of justice in finding that the replacement value of the equipment was $500.00 or more.
 {¶ 16} In conclusion, we find that appellant's conviction was not against the manifest weight of the evidence.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
By Edwards, J., Hoffman, P.J. and Farmer, J. concur.
In re: Receiving Stolen Property — Manifest Weight.