THE STATE OF OHIO, APPELLEE, *v.* WILSON, APPELLANT.

(No. 11736—Decided February 13, 1985.)

*Lynn Slaby,* prosecuting attorney, for appellee.

*Ida L. MacDonald,* for appellant.

GEORGE, J. The defendant-appellant, Paul Wilson, appeals his conviction on three counts of receiving stolen property. This court affirms in part and reverses in part.

Wilson was arrested on February 17, 1984, in connection with a series of burglaries in the University of Akron area. He was indicted on nineteen counts of aggravated burglary, and twenty counts of receiving stolen property.

On May 4, 1984, Wilson filed a motion to suppress the evidence seized at his apartment. A hearing was held on May 15, 1984, and one of the state's witnesses was unable to attend. The trial court deferred its ruling on this motion and ruled that the state could proceed to trial on those counts which did not pertain to the evidence seized at Wilson's apartment.

A trial by jury commenced May 17, 1984, concerning three counts of receiving stolen property, in violation of R.C. 2913.51, plus the specification under R.C. 2941.143; and three counts of aggravated burglary, in violation of R.C. 2911.11(A)(3), plus the specification under R.C. 2941.142. Wilson was found guilty only on the three counts of receiv-

ing stolen property, plus the specifications.

## Assignment of Error 1

"The trial court erred in denying defendant's motion to consolidate the three counts of stolen property into one count since the evidence showed that: (A) defendant engaged in one act of disposition; (B) that there was no evidence as to when, how or in what manner defendant acquired possession of the stolen property."

Wilson argues that the three counts of receiving stolen property should have been merged into a single count. This issue was considered by this court in *State* v. *Austin* (Feb. 16, 1984), Summit App. No. 11298, unreported. In that case, this court ruled that a defendant's conviction on two separate counts of receiving stolen property under R.C. 2913.51 should have been merged, stating at 3-4:

"* * * If [the defendant] received, retained or disposed of all the items of property at one time in a single transaction or occurrance [*sic*], both counts are allied offenses of similar import and should have been merged for sentencing purposes. * * *."

In this case, the record reveals that on February 16, 1984, Wilson sold various items of jewelry to Dale Forster of C. E. Forster & Sons Jewelers. It was subsequently determined that the jewelry had been reported stolen in two separate burglaries. The state put on evidence to demonstrate that these items belonged to three different individuals. However, the state failed to prove that Wilson participated in these burglaries. The only evidence offered by the state which connected Wilson to the stolen property was the fact that he disposed of these stolen items in one transaction. As such, Wilson cannot be convicted and sentenced for three separate crimes of receiving stolen property. See, generally, *State* v. *Sanders* (1978), 59 Ohio App. 2d 187 [13 O.O.3d 209].

Accordingly, the trial court erred in not merging the three counts of receiving stolen property for purposes of sentencing. Thus, this assignment of error is well-taken.

## Assignment of Error 2

"The trial court erred in not directing a verdict of acquittal when the evidence was insufficient as a matter of law to support a finding of guilty beyond a reasonable doubt as to the receiving stolen property charges."

Wilson argues that the evidence failed to prove that he is guilty of receiving stolen property because the state failed to demonstrate how he obtained that property. However, the state proved that Wilson was in possession of the stolen property. In *State* v. *Coker* (1984), 15 Ohio App. 3d 97, this court at 99 stated that a defendant's unexplained possession of stolen property may give rise to the permissive inference that the defendant is guilty of a theft offense. Likewise in this case the jury could properly infer that Wilson had knowledge that the property was stolen. Especially where two rings carried two sets of initials, none of which were Wilson's.

Accordingly, this assignment of error is overruled. The judgment of the trial court in sentencing Wilson is reversed. The cause is remanded for resentencing.

*Judgment accordingly.*

BAIRD, P.J., and QUILLIN, J., concur.