[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Alvin M. Starks, has appealed the judgment entered and the sentence imposed upon the finding of guilty by the trial court, sitting without a jury, of the charge in the complaint of receiving stolen property as proscribed by R.C. 2913.51.
The singular assignment of error charges that the trial court erred in overruling Starks's motion for acquittal, because, Starks submits, the prosecution failed to present evidence to establish that he knew or had reasonable cause to believe that the property in his possession had been obtained through the commission of a theft offense.
The prosecutor adduced evidence that on Sunday, November 21, 1999, at about 1:15 p.m., a Cincinnati police specialist working a traffic post saw Starks walking while carrying two tool boxes. The officer observed him enter a neighborhood store known to the officer to be one in which stolen property could "fenced." Starks, who, according to the officer, "didn't look like a workman" and "wasn't dressed in work clothes," entered the store and was its only customer. When Starks exited, he no longer had the toolboxes in his possession. The officer then entered the store, spoke to the clerk, and summoned assistance from other officers. One of the officers who responded saw tools "laying in front of the counter." The clerk identified the tools as those brought in by Starks, who had "laid them down and walked out." Starks was stopped by police a short distance away, and the specialist "read him his rights" and told him what he had observed. Starks elected to remain silent.
A contractor working at a site in downtown Cincinnati was located through identification within the toolboxes. A representative of that contractor identified the tools recovered by the police, which consisted of power drills and a power saw, as the property of the contractor. He testified that Starks neither was an employee of the contractor nor had permission to possess the tools, and that the tools had been taken from the job site and had a total value of "around 3400 [sic] bucks." The complaint specifies a value of $318.50. Ultimately, Starks was formally arrested, and on November 23, 1999, he was charged in a complaint signed by the specialist.
On November 24, 1999, a judge of the Hamilton County Municipal Court found Starks incompetent to stand trial and ordered him to undergo treatment at a local center. On January 11, 2000, the court entered a finding of competency upon the joint stipulation of counsel. Trial was had on February 4, 2000.
Starks, who is represented in this appeal by the counsel appointed to represent him at trial, concedes that, by law in Ohio, the unexplained possession of recently stolen property is a sufficient predicate for a permissive inference supportive of a finding beyond a reasonable doubt that the possessor knew that the property had been stolen. See State v.Arthur (1975), 42 Ohio St.2d 67, 325 N.E.2d 888, citing Barnes v. UnitedStates (1973), 412 U.S. 837, 93 S.Ct. 2357; see also, State v. Davis
(1988), 49 Ohio App.3d 109, 550 N.E.2d 966; State v. Wilson (1985),21 Ohio App.3d 171, 486 N.E.2d 1242.
The record persuades us that Starks's assignment of error is not well taken. At the juncture of the trial when the motion for acquittal was made, Starks's possession of what were recently stolen goods was unexplained and the trier of fact was, in law, entitled to draw an inference that, beyond a reasonable doubt, Starks was aware that they had been stolen, i.e., that scienter had been established to a degree that Crim.R. 29 had been satisfied.
We find it prudent to note that Starks testified on his own behalf in an effort to rebut the inference that he acted with guilty knowledge. He testified that personal misfortunes had forced him to scavenge in waste containers and that, while rummaging through discarded food behind a hotel, he had discovered the two toolboxes. He testified that he had "assumed * * * that they were garbage or something I might be able to use" and had taken them to the store to see if there was "anything of value" in the boxes. Starks stated that he had opened the boxes and had left without receiving any money from the clerk in exchange. Ultimately, the court found Starks's version to the facts to be totally beyond belief.
In response to the court's allocution after guilt had been pronounced, Starks said that, for most of his life, he had "suffered from mental illness, major depression and some psychosis" and had been hospitalized intermittently for treatment. In context, he said, "[W]hen I am taking medication, I am very functional. It's when I am off medication that things get really messed up." He answered in the affirmative the court's inquiry into whether he was then on medication, adding that he was employed and living in a stable environment. The manner in which Starks had phrased his remarks, the clarity of their articulation, his usage of grammar and his vocabulary demonstrated that he was both lucid and intelligent at the time of trial. The court imposed a one-hundred-and-ninety-day sentence, suspended ninety days, credited Starks's fifty days in pretrial treatment against the remaining ninety days, and placed him on probation for treatment upon his release from confinement. It is obvious from the sentence imposed that the court treated him fairly, in spite of the series of minor offenses Starks had committed in 1999.
Therefore, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________________ Painter, P.J.,
Sundermann and Shannon, JJ.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.