Defendant-appellant Jonathan D. Bair appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of receiving stolen property, in violation of R.C. 2913.51. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 25, 1999, an officer of the Canton Police Department effectuated a traffic stop of a suspected stolen motor vehicle. The vehicle contained two women and appellant. Appellant was driving. Prior to stopping the automobile, the officer radioed for back-up. Once the back-up officers arrived, the officers approached the vehicle. The occupants were ordered to exit the vehicle. When appellant was asked for his name and social security number, appellant gave the officers a false name and false social security number. However, one of the officers knew appellant by name. Appellant was taken into custody. Appellant was indicted on one count of receiving stolen property, in violation of R.C.2913.51. At his arraignment, held on September 10, 1999, appellant pled not guilty to the charge. A suppression hearing was held on October 27, 1999. On October 28, 1999, the trial court issued a Judgment Entry denying appellant's motion to suppress. A trial was held on November 8, 1999. At trial, there was testimony that the vehicle had not been damaged in any way, such as broken door locks, windows, damage to the steering column or dashboard. The owner further testified that the car could be started without putting a key in the ignition. Neither appellant nor the other occupants in the car testified. The jury returned a verdict of guilty on November 8, 1999. On November 19, 1999, the trial court sentenced appellant to the maximum term of incarceration, a determinate term of eighteen months in a correctional facility. It is from this conviction and sentence that appellant brings this appeal, raising the following assignments of error:
 I. THE PROSECUTOR'S DUTY TO DISCLOSE MATERIAL EVIDENCE FAVORABLE TO THE ACCUSED EXTENDS TO THE IDENTITY OF EYEWITNESSES TO THE ALLEGED CRIME KNOWN TO THE POLICE INVESTIGATORS AND FAILURE TO PROVIDE THIS INFORMATION TO THE ACCUSED PRIOR TO TRIAL IS PREJUDICIAL ERROR IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II. THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL AND TO A FULL AND EFFECTIVE APPEAL WHEN TRIAL COUNSEL FAILED TO RAISE THE ERROR LISTED IN ASSIGNMENT OF ERROR ONE, SUPRA, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 III. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF [SIC] SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION IN ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV. THE TRIAL COURT'S IMPOSITION OF MAXIMUM SENTENCES [SIC] IS CONTRARY TO LAW WHEN THE TRIAL COURT DID NOT MAKE FINDINGS THAT THE MAXIMUM SENTENCE WAS NECESSARY BECAUSE THE APPELLANT EITHER COMMITTED THE WORST FORM TO THE OFFENSES, [SIC] OR POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES IN VIOLATION OF R.C. 2929.14; R.C. 2929.15 AND R.C. 2929.19.
 I
In his first assignment of error appellant contends that the State failed to disclose material evidence favorable to appellant, resulting in prejudicial error, in violation of appellant's due process rights under the fourteenth amendment of the United States Constitution and ArticleI, section 10 of the Ohio Constitution. Specifically, appellant alleges that the State was under a duty to disclose the names of the women who were in the car with appellant at the time the stolen automobile was stopped. ". . . [T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of the good or bad faith of the prosecution." Brady v. Maryland (1963),373 U.S. 83, 87. In United States v. Agurs (1976), 427 U.S. 97, the United States Supreme Court defined evidence material to guilt as ". . . omitted evidence [that] creates a reasonable doubt that did not otherwise exist. . . ." Id. at 112. In United States v. Bagley (1985), 473 U.S. 667,682 the Supreme Court defined "materiality" as follows: The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome.
Appellant contends that "there is no legitimate reason to not allow the appellant the opportunity to speak with the other individuals who were present at the time of the alleged offense." Appellant argues that the failure to allow the defense counsel an opportunity to thoroughly investigate and compel attendance of eye witnesses known to the State undermined the confidence that the trial was fair and that appellant received due process. We disagree. We cannot find, based upon the record before this court, that the other eye witnesses would have provided exculpatory or material evidence. Further, we note that the names sought by appellant were the names of the persons with whom he was traveling. In fact, at trial, one of the arresting officers testified that one of the women in the vehicle was Vertis Rosario. Tr. at 78. The record reflects that appellant was aware of this person's name. In fact, on October 15, 1999, appellant's first defense counsel motioned the trial court to withdraw as counsel because appellant wished to call Vertis Rosario as a witness. (Rosario was represented by defense counsel's office, creating a conflict of interest.) Based upon our review, our confidence in the outcome of the trial was not undermined. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that his trial counsel was ineffective when he failed to specifically request the names and addresses of the other individuals in the automobile with appellant and when counsel failed to question one of the arresting officers about his testimony at the suppression hearing. We will address each alleged instance of ineffective assistance of counsel in turn, after a brief review of the standard under which we review appellant's assignment of error. The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143,538 N.E.2d 373 (citing Strickland, 466 U.S. at 697.)
 A. Failure to Request Names of Fellow Occupants of Automobile
Appellant's trial counsel requested discovery in accordance with Crim.R. 16. Further, at least one of the names of the other persons in the car was known to defense counsel. Under these facts, we find that trial counsel's assistance was not ineffective. Further, even if we were to reach the second prong of the Strickland test, appellant has made no showing of prejudice.
 B. Failure to Cross-Exam Officer
Appellant contends that trial counsel was ineffective when he failed to cross examine an officer concerning the officer's testimony at the suppression hearing. At the suppression hearing, the officer testified that, upon approaching the vehicle, he ordered appellant to drop the keys to the vehicle outside the window. The officer did not testify as to whether appellant dropped keys out of the window. Appellant argues that his trial counsel should have pursued this line of questioning at trial in order to elicit from the officer an answer to whether appellant had dropped any keys out of the window. The Supreme Court has made it clear that matters pertaining to trial counsel's cross examination are matters of trial tactics. State v. Wise (Aug. 24, 1995), Ashland App. CA 1093, unreported, 1995 WL 557020 (citing State v. Clayton (1980),62 Ohio St.2d 45). Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189. The issue of whether to cross examine the officer about whether appellant had keys to the automobile was a matter of trial tactics. In this case, the jury was required to consider whether appellant obtained the vehicle "knowing or having cause to believe that the property [had] been obtained through commission of a theft offense." R.C. 2913.51(A). The owner testified that the car was unlocked when it was stolen. The owner also testified that the key was broken off in the ignition prior to the car being stolen, and, the car could be started by merely turning the ignition. Had it been established that appellant dropped keys out of the window when stopped by the officer, it would have cast doubt on the owner's testimony that the car could be started without the keys. In addition, if the appellant had keys to the car, the jury could infer the appellant had been given the keys and had no reason to believe the car was stolen. We will not speculate as to whether a key was required to start the vehicle but find that it may well have been within sound trial tactics, and certainly is within debatable tactics, to refrain from asking the officer whether appellant dropped any keys out of the window. Such a question could have led to a negative answer and corroborated the owner's testimony that no key was required to start the car. Additionally, we find that the appellant is unable to show prejudice resulting from the failure of his trial counsel to cross-examine the officer regarding the issue of the keys. Since we do not know the answer as to whether the appellant possessed the keys to the vehicle and as to whether keys were needed to start the vehicle, we cannot find that appellant was prejudiced by the lack of cross-examination on the issue of the keys. Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that the jury verdict is against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, 20 Ohio App.3d at 175,485 N.E.2d 717. The jury convicted appellant of receiving stolen property, in violation of R.C. 2913.51. R.C. 2913.51 states: "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The owner testified that he left the vehicle on the street outside his home, unlocked, and that it could be started without a key because he had previously broken his key off in the ignition. Tr. 105-106. The owner of the vehicle testified that the car had been stolen and that he filed a stolen vehicle report with the police. The owner verified that he gave no one permission to have the car or to borrow the car. Tr. 109. The owner further testified that he did not know appellant nor the women who were in the vehicle with appellant when the stolen vehicle was recovered. Tr. 110. However, appellant contends that the evidence at trial does not support a finding that appellant knew or had reasonable cause to believe the vehicle had been stolen. Courts have established factors to be considered in determining whether a reasonable person could conclude that a defendant knew or had reason to know that the property was stolen: Factors to be considered in determining whether reasonable minds could conclude whether a defendant knew or should have known property has been stolen include:
 "(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise. . . . State v. Wilson (1985), 21 Ohio App.3d 171, 172, 486 N.E.2d 1242; State v. Stokey (April 12, 1984), Cuyahoga App. No. 47391, unreported, at 5-6, 1984 WL 5493; see State v. McAllister (1977), 53 Ohio App.2d 176, 180-181, 372 N.E.2d 1341." State v. Brooks (Feb. 27, 1986), Cuyahoga App. No. 50384, unreported, at 6, 1986 WL 2677.
State v. Davis (1988), 49 Ohio App.3d 109, 112, 550 N.E.2d 966.
Appellant's possession of the vehicle was not explained. There was no evidence as to how appellant may have lawfully come to possess the automobile. The vehicle had been stolen less than twenty-four hours before appellant was found driving it. The automobile still bore the license plates of the owner/victim. The vehicle could be started without the use of keys. Further, appellant gave a false name and false social security number when stopped by the police. We find that the jury's verdict was not against the manifest weight of the evidence and was supported by sufficient evidence. Based upon the evidence that was before the jury, we cannot say that the jury clearly lost its way or created a manifest miscarriage of justice. Appellant's third assignment of error is overruled.
 IV
In the fourth and final assignment of error, appellant argues that the trial court's imposition of the maximum sentence was contrary to law. Appellant asserts that the trial court failed to make findings that the maximum sentence was necessary because appellant either committed the worst form of the offense or posed the greatest likelihood of committing future crimes in violation of R.C. 2929.14, R.C. 2929.15 and 2929.19. Appellant was convicted of a felony of the fourth degree. As such, there was no mandatory prison sentence. R.C. 2929.13(F). However, appellant was subject to a prison term in accordance with R.C. 2929.13(B)(1). In the case of a fourth degree felony, once a trial court determines that a prison term is appropriate under R.C. 2929.13, the trial court may sentence the person to a determinate sentence of 6 to 18 months. R.C.2929.14(A)(4). However, a trial court may impose the maximum sentence if it finds that the offender either poses the greatest likelihood of recidivism or committed the worst form of the offense. R.C. 2929.14(C). The statute is written in the disjunctive. Therefore, the trial court may impose the maximum sentence if either category applies. State v. Jamieson (Aug. 15, 2000), Ashland App. No. 99COA01346, unreported. Lastly, when the trial court imposes the maximum sentence, it must also state its reasons for doing so. R.C. 2929.19(B)(2)(d). In the Judgment Entry, the trial court found that "defendant poses the greatest likelihood of recidivism, that the incident involved economic harm to the victim and the offense can be considered the most serious form of the offense." Therefore, we find that the trial court made the requisite findings to impose the maximum sentence. However, our inquiry does not end there. We must review the record to determine if the trial court stated its reasons for imposing the maximum sentence. R.C. 2929.12 provides factors to be considered when a trial court determines the seriousness of an offense or the likelihood of recidivism by the offender. In considering whether the offense is more serious than conduct normally constituting the offense, a trial court shall consider the following factors:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
(Emphasis added) R.C. 2929.12(B)
At the sentencing hearing, the trial court made the following comments as to the comparative seriousness of the offense: The problems I have as far as extending [sic] factors to consider is that you gave no consideration to the fact of the owner of this car needed the car for work and so that from his standpoint that's a matter of serious economic harm because he had to make other arrangements obviously to be able to get to work to provide support for himself so that those factors are more serious than otherwise.
Because serious economic harm is a factor in considering seriousness of an offense, we find the trial court stated its reason for finding that defendant had committed the most serious form of the offense. In considering the likelihood of recidivism, a trial court is to consider the following factors:
 (D)(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense. R.C. 2929.12 As to the likelihood of recidivism, the trial court made the following comments: And the situation we have here as far as recidivism you were on post-release control. I think you just — were released from incarceration last June or thereabouts. And of course your history of the criminal convictions and so those are more serious and the Court is therefore considering all those factors and the more serious nature of those outweighs the other factors that you have described.
The trial court gave its reasons for finding that appellant possessed the greatest likelihood of recidivism. The trial court notes that appellant was on post-release control, had previously served a prison term and had a history of criminal convictions, factors delineated in R.C.2929.12(D). Therefore, in addition to our previous holding that the trial court made the requisite statutory findings to impose a maximum sentence, we find that the trial court sufficiently stated its specific reasons for imposing that sentence.
Appellant's fourth assignment of error is overruled.
Based on the foregoing, the judgment of the Stark County Common Pleas Court is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concurs