OPINION
Defendant-appellant, Richard Johnson, appeals his bench trial conviction for receiving stolen property, a first-degree misdemeanor, in violation of R.C. 2913.51.
Late in the evening of February 26, 2001, Hamilton police responded to a report of a burglary at a Bonacker Avenue residence. Items reported as stolen included a cellular telephone, jewelry, currency, personal checks and a large number of coins wrapped in coin wrappers. The owners of the residence identified Ronald Fields as a possible suspect.
Police obtained a warrant to search room 205 of the Hamilton Inn Motel where they believed Fields was staying. Room 205 was registered in appellant's name and when officers executed the warrant the following afternoon, appellant was the only individual present. Officers found numerous empty coin wrappers throughout the room, drug paraphernalia,[1]
and a black U.S. Navy bag belonging to appellant in which police discovered the stolen cell phone.
Appellant denied any knowledge of the phone, and claimed that he did not know how or why it was found in his bag. Appellant claimed he was working the previous evening when the burglary occurred and that Fields and another individual, Randy Walker, who had been staying with appellant for one and one-half to two weeks prior to the burglary, were in the room when he left for work. Appellant stated that Fields and Walker were still in the room when he later returned from work, and that they woke him during the morning while carrying a box out of the room.
On appeal, appellant submits the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING HIM GUILTY OF THE OFFENSE OF RECEIVING STOLEN PROPERTY AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A GUILTY FINDING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING HIM GUILTY OF THE OFFENSE OF RECEIVING STOLEN PROPERTY AS THE DECISION OF THE COURT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant claims the evidence was insufficient to support a conviction for receiving stolen property. When reviewing the sufficiency of the evidence underlying a criminal conviction, the function of an appellate court is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt." Id.
Appellant was convicted of receiving stolen property in violation of R.C. 2913.51(A), which provides that no person shall receive or retain the property of another knowing or having reasonable cause to believe that the property was obtained through the commission of a theft offense. Possession of stolen property for purposes of R.C. 2913.51 may be constructive as well as actual. State v. Hankerson (1982),70 Ohio St.2d 87, certiorari denied, 459 U.S. 870, 103 S.Ct. 155. Constructive possession exists when the individual knowingly exercises dominion or control over an object even though that object may not be within his immediate physical possession. Id.
Furthermore, an individual's unexplained possession of stolen property may give rise to the permissive inference that the defendant is guilty of a theft offense or that the individual knew or should have known that the property in question has been stolen. State v. Davis (1988),49 Ohio App.3d 109; State v. Wilson (1985), 21 Ohio App.3d 171.
An item clearly identified as stolen property was found in a bag which appellant acknowledged belonged to him. Appellant offered no explanation as to why the stolen telephone was found in his bag. Having examined the evidence in a light most favorable to the state, we conclude that a rational trier of fact could find that the elements of receiving stolen property were proven beyond a reasonable doubt. The first assignment of error is overruled.
Appellant's second assignment of error claims that his conviction for receiving stolen property was against the manifest weight of the evidence.
The standard of review based upon the manifest weight of the evidence requires that:
 The court, reviewing the entire record weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. When reviewing the evidence, an appellate court must be mindful that the original trier of fact — in this case, the trial judge himself — was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
As discussed above, appellant was found in possession of stolen property. He could not explain the presence of the telephone in his bag. Although appellant suggests that his roommates were responsible for placing the telephone in his bag, the court observed that the phone was the only item of any value remaining in the room and that had appellant's companions been solely responsible they surely would not have left such a valuable item behind. None of the other property taken during the burglary was discovered in appellant's motel room.
Having examined the record, we cannot say that the trial court clearly lost its way and created a miscarriage of justice so that appellant's conviction should be overturned as against the manifest weight of the evidence. The second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] Appellant was acquitted on a companion charge of possession of drug paraphernalia.