{¶ 1} Appellant Maitell Webb appeals her conviction for receiving stolen property. She assigns the following three errors for our review:
 "I. The admission of hearsay testimony violated the appellant's federal and state right to confrontation."
 "II. The evidence is insufficient to sustain a conviction of receiving stolen property. R.C. § 2913.51."
 "III. The failure of defense counsel to object to inadmissible hearsay denied the appellant her right to effective assistance of counsel."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the judgment and vacate Webb's conviction. The apposite facts follow.
 Bench Trial {¶ 3} The state charged Maitell Webb with receiving a stolen vehicle belonging to Ricky Adorjan. At Webb's bench trial, Adorjan testified that he did not give Webb permission to use his vehicle. He stated that on August 21, 2004, he lost the keys to his car, which was parked near the Cleveland Art Museum. When he learned that he had lost his keys, he retrieved a spare key from his wife, returned to the location of the vehicle, and found that his car was missing. He called the police immediately.
 {¶ 4} Andrea Dickerson worked as a security guard for Cleveland Job Corps, which is located not far from the Cleveland Art Museum. She knew Webb as a *Page 3 
student at the Job Corps. Dickerson worked the weekend the car was stolen. She testified that as she pulled into the Job Corps' parking lot, she observed Webb driving a blue car. She was not sure whether this was on August 21 or August 22. She noticed Webb driving erratically, and to her knowledge Webb did not possess a vehicle. Dickerson stated she later saw other students driving the car, but could not identify them.
 {¶ 5} Later that day or the next day, Dickerson stated some of the students informed her that Webb had stolen a car. After receiving this information, Dickerson canvassed the neighborhood searching for the car. On August 23, 2004, she located the car and called the police. The car had been damaged, including a broken back window, smashed tire rim, and broken tire rods and struts. Besides the damage, Adorjan's personal property was missing from the vehicle.
 {¶ 6} The trial court found Webb guilty of receiving stolen property and sentenced her to one year of community control sanctions.
 Insufficient Evidence {¶ 7} We address Webb's second assigned error because it is dispositive of this appeal. Webb argues the evidence was insufficient to convict her of receiving stolen property because there was no evidence presented that she knew or should have known that the vehicle was stolen. We agree. *Page 4 
 {¶ 8} The sufficiency of the evidence standard of review is set forth inState v. Bridgeman[1]:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[2]
 {¶ 9} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[3] in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
 {¶ 10} In order to convict Webb of receiving stolen property, the state was required to prove beyond a reasonable doubt, that Webb did "receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property ha[d] been obtained through commission of a theft offense."[4] *Page 5 
 {¶ 11} The sole evidence linking Webb to a blue car is the testimony of Dickerson, and she could not state beyond a reasonable doubt that the car she observed Webb driving was a Toyota with Adorjan's license plates. For purposes of the second assigned error, we will assume that this is the car; regardless, the state failed to establish that Webb knew or should have known that the car was stolen.
 {¶ 12} The historical law in Ohio provides that a defendant's unexplained possession of the item and relatively short time between the theft of the item and its recovery, provides circumstantial evidence of the defendant's knowledge that the item was stolen.[5] However, we do not believe such circumstantial evidence exists in the instant case. Although Dickerson testified she saw Webb driving a blue car that she thought might have been a Toyota, there was no evidence presented that Webb had knowledge that the car was stolen. At oral argument, the state argued that Dickerson was able to obtain a partial license plate number, suggesting that it matched the blue Toyota. The state was not sure that this represented a correct fact and our reading of the record establishes that it did not.
 {¶ 13} The facts also established that Adorjan lost his keys. When the car was found, the column was not peeled as with most stolen cars. The peeled column normally places a person on notice that the car is stolen. Besides, Webb was not found in the car when it was located and no fingerprints were obtained. Therefore, *Page 6 
no evidence was presented that Webb knew the car she was driving was stolen. The only evidence presented was that Webb was observed driving a blue car, and Dickerson located Adorjan's car the next day. This is, as a matter of law, insufficient to sustain her conviction.
 {¶ 14} In so holding, we recognize Dickerson testified that the students told her that Webb had stolen a car; however, their statements were hearsay and could not be used to assert the truth of the matter. Moreover, these statements are "testimonial in nature" and, therefore, inadmissible to prove that Webb stole the car.[6] The statements could only be introduced to show why Dickerson searched for the car. Accordingly, Webb's second assigned error has merit and is sustained.
 {¶ 15} Because Webb's second assigned error is dispositive of the appeal, Webb's remaining assigned errors are moot and need not be addressed.[7]
Judgment reversed. Conviction vacated.
This conviction is vacated. Appellant is discharged.
It is, therefore, considered that said appellant recover of said appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR
[1] (1978), 55 Ohio St.2d 261, syllabus.
[2] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23;State v. Davis (1988), 49 Ohio App.3d 109, 113.
[3] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[4] R.C. 2913.51(A).
[5] State v. Davis (1988), 49 Ohio App.3d 109, 112. See, also,State v. Wilson (1985), 21 Ohio App.3d 171.
[6] Crawford v. Washington (2004), 541 U.S. 36, 68.
[7] App. R. 12(A)(1)(c).