The STATE of Ohio, Appellee,

v.

AFSHARI, Appellant.

[Cite as *State v. Afshari*, 187 Ohio App.3d 151, 2010-Ohio-325.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2009–06–163.

Decided Feb. 1, 2010.

Robin N. Piper III, Butler County Prosecuting Attorney, and Lina N. Alkamhawi, Assistant Prosecuting Attorney, for appellee.

Brian K. Harrison, for appellant.

RINGLAND, Judge.

{¶ 1} Defendant-appellant, Mehrdad Afshari, appeals his convictions for two counts of receiving stolen property.

{¶ 2} On September 10, 2008, appellant was the subject of a police traffic stop. A stolen car stereo, wallet, and credit cards were discovered in appellant's vehicle. Appellant was indicted on two counts of receiving stolen property in violation of R.C. 2913.51(A). Appellant entered guilty pleas to both counts as charged in exchange for being subject to intervention in lieu of conviction. At the plea hearing, appellant argued that the charges were allied offenses of similar import and should be merged at sentencing. The trial court deferred making a decision on the merger issue until after appellant would be found to have violated any of the conditions of the intervention.

{¶ 3} On May 5, 2009, appellant admitted violating his conditions of intervention in lieu of conviction. The trial court terminated the intervention and entered a finding of guilty on both counts. Appellant's counsel argued that the counts should be merged. In opposition, the state argued that the charges differed, since the second count involved a credit card. The trial court declined to merge the counts and sentenced appellant to two consecutive 12–month prison terms. Appellant timely appeals, raising one assignment of error:

{¶ 4} "The trial court erred to the prejudice of appellant when it convicted appellant of two allied offenses of similar import."

{¶ 5} In his sole assignment of error, appellant argues that the trial court erred by sentencing him to two counts of receiving stolen property. Appellant argues that the charges were allied offenses that should be merged into a single count. Appellant urges that the items were stolen from the victim's vehicle as a single act and appellant retained the items as a single act of conduct.

{¶ 6} R.C. 2941.25, Ohio's allied-offense statute, protects against multiple punishments for the same criminal conduct, which could violate the double jeopardy clauses of the United States and Ohio Constitutions. R.C. 2941.25 provides:

{¶ 7} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 8} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each,

the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 9} When considering whether offenses are of similar import under R.C. 2941.25(A), a court must compare the statutorily defined elements of the offenses and determine whether they " 'correspond to such a degree that the commission of one crime will result in the commission of the other.' " *State v. Rance* (1999), 85 Ohio St.3d 632, 638, 710 N.E.2d 699, quoting *State v. Jones* (1997), 78 Ohio St.3d 12, 14, 676 N.E.2d 80.

{¶ 10} "[T]he statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract*." (Emphasis sic.) *Rance* at 638, 710 N.E.2d 699. "[I]f the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638–639, 710 N.E.2d 699, citing R.C. 2941.25(B) and *Jones* at 14, 676 N.E.2d 80.

{¶ 11} In this case, appellant was charged with two counts of receiving stolen property under R.C. 2913.51(A), which provides, "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶ 12} "If the value of the property involved is five hundred dollars or more and is less than five thousand dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree." R.C. 2913.51(C).

{¶ 13} R.C. 2913.71(A) provides, "Regardless of the value of the property involved * * *, a violation of section * * * 2913.51 of the Revised Code is a felony of the fifth degree if the property involved is * * * [a] credit card."

{¶ 14} The state urges that convictions for separate counts are proper. The state claims that the first charge involves only the stereo and wallet, while the second charge is separate and distinct due to R.C. 2913.71(A), since it involved appellant's possession of a stolen credit card.

{¶ 15} Ohio courts have consistently held that "[w]hen a defendant is charged on multiple counts of receiving stolen property under R.C. 2913.51, the trial court shall merge the counts into a single count when it is shown that the defendant received, retained or disposed of all the items of property at one time in a single transaction or occurrence." *State v. Wilson* (1985), 21 Ohio App.3d 171, 21 OBR 182, 486 N.E.2d 1242, paragraph one of the syllabus.

{¶ 16} There is no dispute that the stolen items discovered in appellant's possession derived from a single animus. The items were all received, retained, or disposed of in a single transaction or occurrence. The elements for both

offenses remain the same. Specifically, the elements of receiving stolen property are that (1) a person received, retained, or disposed of (2) property of another, (3) knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense. R.C. 2913.51. R.C. 2913.71(A) does not create a separate and distinct offense for receiving a stolen credit card. Rather, the section is an enhancement provision, which categorizes certain types of "property," such as a credit card, into a specified degree of the offense. See *State v. Long*, Portage App. No. 2007–P–0105, 2008-Ohio-2919, 2008 WL 2404702, ¶ 24–27; *State v. Wright* (May 14, 1992), Cuyahoga App. No. 60473, 1992 WL 104287, *1; and *State v. Rygelski* (Nov. 17, 1988), Cuyahoga App. Nos. 54557 and 54558, 1998 WL 122946, *4. This is also explicitly reflected in R.C. 2913.51(C). Based upon the statutory elements, it would be impossible to commit an offense for receiving a stolen credit card without also violating the general offense of receiving stolen property. See *State v. Austin* (Feb. 16, 1984), Summit App. No. 11298, 1984 WL 4764, *2.

{¶ 17} The trial court erred by failing to merge the charges. Accordingly, we remand this matter for resentencing and order the trial court to merge appellant's convictions. See *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of the syllabus. Appellant's sole assignment of error is sustained.

Judgment reversed
and cause remanded.

POWELL, P.J., and HENDRICKSON, J., concur.