[Cite as *State v. Rivera*, 2013-Ohio-3203.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2012-11-220 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/22/2013 |
| - vs - | | |
| | : | |
| FRANCISCO J. RIVERA, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA I COURT
Case No. CRB1101339

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

McKinney & Namei Co., LPA, Paul W. Shonk, 15 East Eighth Street, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Francisco Rivera, appeals his bench trial conviction in the Butler County Area I Court for receiving stolen property, a first-degree misdemeanor, in violation of R.C. 2913.51.

{¶ 2}   On October 28, 2011, around 1 a.m., Taylor Seitz and her sister were standing next to a table in the back of Brick Street Bar in Oxford, Ohio.  Seitz told her sister she was

going to use the restroom and that she would be right back. Seitz left her purse on the table; her iPhone was inside the front pocket of her purse. When Seitz came back, her purse was sitting on the table but her iPhone was missing. Her sister was also no longer at the table.

{¶ 3} After locating her sister and confirming that she did not have her iPhone, Seitz called the police to report her phone stolen. Seitz also used a GPS tracking feature on her sister's cell phone to track her iPhone. At the time, the iPhone "was bouncing back" between 12 South Poplar, a residence in Oxford located "right across from the police department," and 37 East High Street, located in the Oxford business district and "just around the corner from the police department on High Street." The police told Seitz to contact them after the iPhone stayed in one place for several hours.

{¶ 4} At about 7 a.m. that morning, Seitz contacted the police and advised them that her phone had been stationary for a few hours. Seitz and two police officers went to the location, Swing Hall, a residence hall on the campus of Miami University. All three went to separate floors of the hall and Seitz remotely activated a loud tone on her phone. As it turned out, Seitz's iPhone was in one of the rooms on the floor where Seitz was. As Seitz was activating her phone, a door opened and an individual, motioning toward appellant who was lying on a bed, asked Seitz if the ringing phone was hers. The individual then removed the phone from appellant's pocket and gave it to Seitz.

{¶ 5} The police subsequently went to the room to talk to appellant and other persons in the room. Appellant told the police he found the iPhone in Brick Street Bar on the floor in the vicinity of the women's restroom, picked it up and put it in his pocket, and intended to locate its owner the next day. Appellant could not explain how he intended to get ahold of the owner of the phone, or why he did not bring the phone to the police department located across the street from Brick Street Bar or give it to some other authority figure.

{¶ 6} Appellant was arrested and charged with one count of receiving stolen property.

A bench trial was held on September 27, 2012. At the close of the state's case, appellant submitted a written Crim.R. 29(A) motion for acquittal which was overruled by the trial court. Appellant did not testify or present witnesses on his behalf. The trial court found appellant guilty as charged and sentenced him accordingly.

{¶ 7} Appellant now appeals. In a single assignment of error, appellant argues the trial court erred in denying his Crim.R. 29(A) motion because the state failed to show he knew or had reasonable cause to believe the iPhone was stolen.

{¶ 8} Pursuant to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * *, if the evidence is insufficient to sustain a conviction of such offense or offenses." Our review of a trial court's denial of a Crim.R. 29 motion for acquittal is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Speakman,* 12th Dist. Fayette No. CA2010-06-013, 2011-Ohio-3430, ¶ 14. Therefore, when reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 34.

{¶ 9} In order to establish a violation of R.C. 2913.51 for receiving stolen property, the state must prove that the accused received, retained, or disposed of the property of another, while knowing or having reasonable cause to believe the property was obtained through the commission of a theft offense. *State v. Afshari*, 187 Ohio App.3d 151, 2010-Ohio-325, ¶ 16 (12th Dist.). Absent an admission by a defendant, the question of whether the defendant had reasonable cause to believe an item was stolen can only be proved by circumstantial evidence. *State v. White*, 12th Dist. Butler No. CA2002-07-161, 2003-Ohio-

2011, ¶ 14.

{¶ 10} "In determining whether reasonable minds could conclude that a defendant knew or should have known that property has been stolen, the following factors are relevant: '(a) [T]he defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise.'" *State v. Colon*, 9th Dist. Summit No. 20949, 2002-Ohio-3985, ¶ 18-19, quoting *State v. Davis*, 49 Ohio App.3d 109, 112 (8th Dist.1988).

{¶ 11} In addition, in a prosecution for receiving stolen property, a defendant may be found guilty by inference when the defendant's possession of recently stolen property is not satisfactorily explained in light of the surrounding circumstances developed from the evidence. *State v. Reed*, 10th Dist. Franklin No. 08AP-20, 2008-Ohio-6082, ¶ 44, citing *State v. Arthur*, 42 Ohio St.2d 67 (1975); *Hamilton v. Johnson*, 12th Dist. Butler No. CA2001-05-114, 2002-Ohio-1599.

{¶ 12} Seitz's stolen iPhone was recovered in appellant's possession a few hours after it was reported stolen. There was thus a relatively limited time period between the theft and the recovery of the phone. Seitz testified she did not give permission to anyone to take or use her phone. Appellant's explanation that he found the iPhone on the floor in the bar and kept it with the intention of returning it to its owner the next day is patently unreasonable and not credible. In addition, appellant could not explain how he intended to get ahold of the owner of the phone, or why he did not bring the phone to the police department located across the street from Brick Street Bar or give it to some other authority figure, such as the manager of the bar.

{¶ 13} Construing the evidence in a light most favorable to the state, we conclude that a rational trier of fact could find that appellant knew or had reasonable cause to believe the

iPhone was stolen. Appellant's Crim.R. 29 motion for acquittal was therefore properly overruled by the trial court. Appellant's assignment of error is overruled.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.