[Cite as *State v. Fulton*, 2023-Ohio-3201.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-12-031 |
| | : | O P I N I O N |
| - vs - | | 9/11/2023 |
| | : | |
| MATTHEW L. FULTON, | : | |
| Appellant. | : | |

APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. CRB 2200681 A-B

Anne Harvey, for appellant.

Brett W. Rudduck, for appellee.

**PIPER, J.**

{¶ 1} Appellant, Matthew Fulton, was charged by complaint with two counts of receiving stolen property in violation of R.C. 2913.51, misdemeanors in the first degree. Fulton pled not guilty, and the case was tried to the bench. The court found Fulton guilty and sentenced him to 140 days in the Clinton County Jail on each count, to be served consecutively for a total of 280 days. Fulton timely appealed, raising a single assignment of error.

**INITIAL FACTS RESULTING IN CHARGES**

{¶ 2} On October 13, 2022, Douglas Eastes, a lieutenant with the Clinton County Sheriff's Office, responded to the scene of a single-vehicle accident on Cherrybend Road in Wilmington, Ohio. The vehicle, a small pickup truck, had its airbags deployed with observable blood in the center. The driver had apparently fled on foot leaving behind a single shoe on the driver's side floorboard.

{¶ 3} Lieutenant Eastes and other officers established a perimeter in an attempt to locate the driver. Fulton was apprehended shortly thereafter walking down the road with only one shoe on. The shoe Fulton was wearing matched the shoe left behind on the floorboard of the truck. In addition, Fulton had bleeding injuries to his face. Fulton denied being in the truck but made no other statements to law enforcement.

{¶ 4} Lieutenant Eastes observed that the truck bed contained a wide array of tools that he suspected were stolen. The owner of the vehicle had reported the truck stolen and Fulton had been a suspect in several thefts in the area.[1] Lieutenant Eastes reviewed prior reports and learned that two individuals had recently reported missing tools matching the items found in the truck bed. The owners of the tools were able to identify their stolen property. The two theft victims testified at the trial, as did Lieutenant Eastes.

**ISSUES ON APPEAL**

{¶ 5} MR. FULTON'S CONVICTIONS FOR RECEIVING STOLEN PROPERTY ARE AGAINST BOTH THE MANIFEST WEIGHT AND THE SUFFICIENCY OF THE EVIDENCE PRESENTED AT TRIAL.

{¶ 6} Fulton contends his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. The concepts of sufficiency of the evidence

---

1. Fulton was not charged with stealing the truck. Lieutenant Eastes testified that the victim believed another individual was responsible for the theft of the truck.

and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 7} A manifest weight challenge requires an appellate court to examine the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 8} Fulton was convicted of receiving stolen property in violation of R.C. 2913.51(A), which provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 9} "Absent an admission by a defendant, the question of whether the defendant had reasonable cause to believe an item was stolen can only be proved by circumstantial evidence." *State v. Rivera*, 12th Dist. Butler No. CA2012-11-220, 2013-Ohio-3203, ¶ 9. A

trier of fact may infer guilty knowledge when a defendant's possession of recently stolen property is unexplained or not satisfactorily explained by the surrounding circumstances, as shown by the evidence. *State v. Wallace*, 12th Dist. Clinton No. CA2022-08-021, 2023-Ohio-1524, ¶ 21.

## ANALYSIS OF EVIDENCE

{¶ 10} In this case, the state presented evidence that the truck contained a variety of stolen tools. Fulton does not dispute that the tools were stolen but argues on appeal that the state "failed to prove the scienter element of receiving stolen property." He argues the circumstantial evidence introduced at trial does not establish that he knew or had reasonable cause to believe the tools were stolen, citing his own perceived deficiencies in the record. Fulton claims that his false denial to authorities is "irrelevant" as to his knowledge that the tools were stolen. He further argues that the tools do not have any identifying marks indicating that they were stolen and that there was no evidence that he personally stole the tools. He concludes by stating that his mere presence near the stolen property does not establish the required mental state for the offenses.

{¶ 11} After reviewing the record, weighing inferences and examining the credibility of the testimony provided, we find that Fulton's convictions for receiving stolen property are supported by sufficient evidence and are not against the manifest weight of the evidence. Here, Lieutenant Eastes testified that the truck contained various tools and equipment that had recently been reported stolen. There was compelling circumstantial evidence that Fulton was the driver of that truck, as he was discovered nearby with a bloody face while wearing only one shoe—the other shoe having been left behind on the driver's side floorboard of the truck. Despite the matching shoe, and blood residue left behind on the airbag, Fulton told law enforcement that he had not been in the truck. The claim made by Fulton that he had not been in the truck was clearly discounted by the trial court as not

credible.

{¶ 12} As previously indicated, absent an admission by the defendant, the question of whether a defendant knew or had reasonable cause to believe an item was stolen can only be proved by circumstantial evidence. *Wallace*, 2023-Ohio-1524 at ¶ 21. Flight from a criminal scene can be considered when evaluating guilt. *Ohio Jury Instructions*, CR Section 409.13 (Rev. 8-17-2005); *State v. Taylor*, 78 Ohio St.3d 15, 27 (1997). Contrary to Fulton's arguments otherwise, there is more than enough circumstantial evidence to show that he possessed the requisite mental state. Based upon the evidence presented at trial, there is a clear and permissible inference that Fulton was driving the truck. Similarly, there is a separate and distinct inference that Fulton had constructive possession of the items knowing they were stolen. After wrecking the truck, Fulton fled the scene and lied to authorities, also indicating consciousness of guilt.

## CONCLUSION

{¶ 13} "In a bench trial, the trial court acts as the factfinder and determines both the credibility of the witnesses and the weight of the evidence." *State v. Lowry*, 12th Dist. Warren Nos. CA2019-07-070 and CA2019-07-071, 2020-Ohio-1554, ¶ 19. "A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. The court ultimately found the state's testimony to be credible and determined that Fulton was guilty on both counts. The trial court, as trier of fact, was in the best position to judge the credibility of the witnesses and determine reasonable inferences from the circumstantial evidence. *State v. Martino*, 12th Dist. Butler No. CA2017-09-139, 2018-Ohio-2882, ¶ 13.

{¶ 14} Accordingly, we have no difficulty finding that Fulton's convictions for receiving stolen property are supported by sufficient evidence and are not against the

manifest weight of the evidence.  Fulton's sole assignment of error is overruled.

{¶ 15}  Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.